**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOSE JESUS ROSALES-RIVERA,

    Defendant-Appellant.

No. 04-1484
(D. Colorado)
(D.Ct. No. CR-04-CR-90-B)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Jose Jesus Rosales-Rivera pled guilty to illegal reentry after deportation

following an aggravated felony conviction in violation of 8 U.S.C. § 1326(a) and

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

(b)(2). He was sentenced to thirty-seven months imprisonment. Rosales-Rivera appeals his sentence arguing the district court committed plain error in treating the federal sentencing guidelines as mandatory in light of *United States v. Booker*, --U.S.--,125 S.Ct. 738 (2005). Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we AFFIRM.

## I. Factual Background

Rosales-Rivera was originally indicted on March 8, 2004. A superseding indictment was filed on April 5, 2004, charging the same statutory violation but alleging a different prior aggravated felony conviction than the original indictment.[1] Rosales-Rivera pled guilty to the superseding indictment on September 2, 2004, and a Presentence Investigation Report (PIR) was prepared.

Applying USSG §2L1.2(a), the guideline applicable for illegal reentry, the probation officer determined the base offense level was 8.[2] The probation officer then increased the base offense level by 12 pursuant to §2L1.2(b)(1)(B) because Rosales-Rivera was previously deported subsequent to a conviction for a felony

---

[1] The superseding indictment charged Rosales-Rivera with illegal reentry after deportation following an aggravated felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(2). Rosales-Rivera, a citizen of Mexico, was convicted of delivering a controlled substance (cocaine) in the District Court for Harris County, Texas, on March 12, 1992. This conviction is an "aggravated felony" as defined by 8 U.S.C. § 1101(a)(43). Rosales-Rivera was deported from the United States in December 1992 and again in June 1997.

[2] Because Rosales-Rivera was sentenced pursuant to the 2003 edition of the United States Sentencing Guidelines Manual, all guideline citations refer to the 2003 edition, unless noted otherwise.

drug trafficking offense. The probation officer reduced the adjusted offense level by 3 for acceptance of responsibility pursuant to §3E1.1(a) and (b), resulting in a total offense level of 17. Based on a total offense level of 17 and a criminal history category of IV, the probation officer calculated the guideline range as thirty-seven to forty-six months imprisonment. The district court, finding no reason to depart either upward or downward from the guideline range, sentenced Rosales-Rivera to thirty-seven months imprisonment on November 10, 2004, and this appeal followed.

## II. Discussion

In *Booker*, the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S.Ct. at 756. Post-*Booker*, district courts must consult the guidelines in fashioning sentences but are not required to sentence within the guideline range. *United States v. Gonzalez-Huerta,* 403 F.3d 727, 731 (10th Cir. 2005) (en banc). Constitutional *Booker* error occurs when the district court "re[lies] upon judge-found facts, other than those of prior convictions, to enhance a defendant's sentence mandatorily." *Id.* By contrast, non-constitutional *Booker* error occurs when a sentencing court applies the guidelines in a mandatory fashion, "even

though the resulting sentence was calculated solely upon facts that were admitted by the defendant, found by the jury, or based upon the fact of a prior conviction." *Id.* at 731-32.

Rosales-Rivera asserts only non-constitutional *Booker* error in his case.[3] Because he did not raise his *Booker* claim in the district court, we review for plain error. *Id.* at 732. "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). Undoubtedly, the first two prongs of the plain error test are satisfied. *See United States v. Clifton,* 406 F.3d 1173, 1181 (10th Cir. 2005) ("Non-constitutional and constitutional *Booker* errors satisfy the first two prongs of the plain-error test."). As to the third prong, we need not answer the question whether Rosales-Rivera can show prejudice under the third prong because, even assuming he can, he cannot demonstrate that the district court's error seriously affected the fairness, integrity, or public reputation of judicial proceedings (the so-called "fourth prong" of the plain-error test). *See United States v. Cotton,* 535 U.S. 625, 632-33 (2002); *Gonzalez-Huerta,* 403 F.3d at 736.

Non-constitutional *Booker* error does not merit reversal under the fourth

---

[3]As this court noted in *Gonzalez-Huerta,* a guideline enhancement based on the fact of a prior conviction does not implicate the Sixth Amendment under *Booker*. *See Gonzalez-Huerta*, 403 F.3d at 731 n.1.

-4-

prong of the plain-error standard unless it was "a particularly egregious one that would result in a miscarriage of justice or otherwise call the judiciary into disrepute unless we remanded." *Gonzalez-Huerta,* 403 F.3d at 739. In *Gonzalez-Huerta*, the defendant pled guilty to illegal reentry by a deported alien following an aggravated felony, the same crime at issue in this case. *Id.* at 730. He appealed his sentence, arguing that the mandatory application of the guidelines was plain error. *Id.* at 731. We held that the mandatory application of the guidelines was neither "particularly egregious" nor a "miscarriage of justice" because the resulting sentence was within the national norm as established by the guidelines and the record was devoid of any evidence indicating a lower sentence was appropriate. *Id.* at 738-39.

Here, Rosales-Rivera pled guilty to the underlying offense and the district court enhanced his sentence based solely on a prior conviction. He received a sentence within the national norm as established by the guidelines and there is nothing in the record to indicate the district court would have chosen a lower sentence under an advisory rather than a mandatory guideline sentencing system. Thus, this case is indistinguishable from *Gonzalez-Huerta.* Rosales-Rivera has failed to show that the mandatory application of the guidelines satisfies the fourth

prong of the plain-error standard.[4]

### III. Conclusion

For the reasons stated above, we **AFFIRM** Rosales-Rivera's conviction and sentence.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

[4] Rosales-Rivera also asserts the district court committed structural error and we should presume prejudice. However, these claims are without merit because we determined in *Gonzalez-Huerta*, that "non-constitutional *Booker* error is not structural error" and the defendant "bears the burden to establish by a reasonable probability based upon the record on appeal that his substantial rights were affected by the District Court's mandatory application of the Guidelines." *Id.* at 734, 736.